UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN ARELLANO,<br><br>    Plaintiff,<br><br>    v.<br><br>CONCORD CA POLICE DEPARTMENT,<br><br>    Defendant. | Case No. 25-cv-03690-WHO<br><br>**ORDER DENYING MOTION TO DISQUALIFY AND GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 7, 10 |

Plaintiff Stephen Arellano filed this case in April 2025, asserting a claim for defamation against a police officer working for the City of Concord. Compl., Dkt No. 1. I related this case to a prior case Arellano filed in 2024, *Arellano v. Becton*, Case No. 24-cv-02250-WHO ("Related Case"). In the Related Case, Arellano sued the District Attorney, prosecutors, judges, and a police officer involved in the investigation and prosecution of an individual who murdered his son. I dismissed that case with prejudice and the dismissal was affirmed on appeal by the Ninth Circuit. Related Case, Dkt. Nos. 39, 42.

Defendant City of Concord moved to dismiss this new case. Dkt. No. 15. Arellano did not oppose or otherwise respond to the motion to dismiss by the required deadline. Dkt. No. 8. Once this case was reassigned to me, I issued an Order to Show Cause to give Arellano an opportunity to respond to the motion to dismiss by July 11, 2025. Dkt. No. 9. Arellano filed a response to the Order to Show Cause on July 11, 2025. However, on June 27, 2025, Arellano also filed a motion to disqualify me from hearing this case. Dkt. No. 10.

For the following reasons, the motion to disqualify is DENIED and the motion to dismiss is GRANTED.[1]

**DISCUSSION**

**I.    PLAINTIFF'S MOTION TO DISQUALIFY**

Arellano moves under 28 U.S.C. §§ 455 and 144 to disqualify me from hearing this related

---

[1] These matters are appropriate for resolution on the papers. The August 6, 2025, hearing on the motions is VACATED. Civ. L.R. 7-1(b).

case. Dkt. No. 10 ("Motion to Disqualify"). 28 U.S.C. section 455 provides that a judge should disqualify themselves in certain circumstances, including where "his impartiality might reasonably be questioned" or "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). Under 28 U.S.C. section 144, when a party believes a judge has a personal bias or prejudice either against him or in favor of an adverse party, the party may seek disqualification by filing an affidavit stating, "the facts and the reasons for the belief that bias or prejudice exists." The judge in question must determine whether the affidavit "specifically alleges facts stating grounds for recusal"; if so, the motion "must be referred to another judge for a determination of its merits." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).[2]

The standard under both sections is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." *Id*.

Arellano alleges I am "biased and prejudiced" against him because I have "ignored the law" and violated my oath of office and plaintiff's "civil rights," and I cannot be impartial towards him. *See generally* Motion to Disqualify. Arellano's main evidence of my alleged bias are my rulings in the Related Case because I dismissed his civil and victim's rights claims asserted against state court judges, the district attorney and members of her staff, and a police officer, and that I did so without holding oral argument. Arellano likewise complains of how the Ninth Circuit handled his appeal, and about other rulings of mine and other judges that are unrelated to his cases. *See* Related Case, Dkt. Nos. 37, 39; *see also* Motion to Disqualify at 2, 4.[3] However, "a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d at 939; *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never

---

[2] I do not refer this motion to another judge under 28 U.S.C. § 144, both because Arellano has not submitted "a timely and legally sufficient affidavit" and because Arellano's motion does not allege facts stating grounds for recusal. *Sibla*, 624 F.2d at 867 (discussing affidavit requirements).

[3] Arellano appealed the dismissal, and the dismissal was affirmed by the Ninth Circuit. *See* Related Case Dkt. No. 42. In his Motion to Disqualify, Arellano makes many complaints about the handling and resolution of that appeal. *See* Motion to Disqualify at 7.

constitute a valid basis for a bias or partiality motion").

The only other bases Arellano raises to argue for disqualification are conclusory allegations about my past political affiliations. *See* Motion to Disqualify at 3, 5, 6. Those conclusory allegations are likewise insufficient to support disqualification. *See In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990) ("Courts that have considered whether pre-judicial political activity is ... prejudicial regularly conclude that it is not."); *see also Hayes v. Oregon*, 2021 WL 374967, at *3 (D. Or. Feb. 3, 2021).

Arellano's motion to disqualify is DENIED.

## II.     DEFENDANT'S MOTION TO DISMISS OR STRIKE

In the Complaint, Arellano asserts many of the same factual allegations made in the Related Case concerning the tragic murder of his son and his belief that the District Attorney and staff, various judges, and police officers should be held liable for failing to put or keep the killer in prison before his son's murder and for conduct with respect to the killer's arrest, the investigation of the murder, and the prosecution of the killer. *See generally* Compl., Dkt. No. 1. He also alleges new conduct: that he was defamed by an unnamed Concord police officer on November 9, 2024, when Arellano went to the Concord Police Department to deliver some papers in a package. Compl. pg. 2. Arellano alleges that the officer turned on his bodycam and refused to accept the package, exclaiming "I'm not taking that, it might contain a BOMB or poison." Compl. at 2. After Arellano slipped the package through the metal gate, the officer stated he would "throw it in the Garbage" and the officer refused to give Arellano his name as he walked away. *Id*. at 2-3. Arellano was able to retrieve his package through the metal gate. *Id*. at 3.

Defendant Concord moves to strike a paragraph from page 3 of the Complaint regarding District Attorney Diana Becton that reiterates some of the dismissed allegations from Arellano's Related Case. Mot. at 10-11. Concord argues that the allegations should be struck as "immaterial, impertinent, or scandalous matter."[4]

---

[4] Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a motion to strike under Rule 12(f) is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing of those issues before

3

1    The motion to strike is DENIED. While I doubt the allegations are relevant to this case,
2    there is little to be gained by striking them. As discussed below, the Complaint will be dismissed
3    for failure to state a defamation claim based on the actions of the officer on November 9, 2024.
4    Turning to the motion to dismiss, despite Arellano's listing of a number of federal and
5    state criminal statutes in the caption of the Complaint, the only cause of action which is discussed
6    and alleged in the body of the Complaint is the claim for "defamation" based on comments a
7    police officer made to Arellano while his body camera was on, on November 9, 2024.[5]
8    Concord argues that it cannot be liable for defamation because Arellano has not identified
9    a "statutory basis" for bringing a defamation claim against a public entity as required by California
10   Government Code section 815(a). Motion to Dismiss at 7-8. Despite section 815(a), however,
11   courts have allowed defamation claims to proceed against public entities where the employee or
12   employees who allegedly defamed a plaintiff were acting within the scope of their employment.
13   *See Hashim v. Kern Cnty. Hosp. Auth.*, No. 1:21-CV-0773 JLT BAK (EPG), 2022 WL 563186, at
14   *3 (E.D. Cal. Feb. 24, 2022 ("For example, a public entity may be held liable for defamation and
15   slander by its employees when the employees acted within the scope of employment. *See Nadel v.*
16   *Regents of Univ. of Cal.*, 28 Cal. App. 4th 1251, 1259 (1994) (applying Section 815.2(a) to
17   defamation claims against the public entity); *City of Costa Mesa v. D'Alessio Investments, LLC*,
18   214 Cal. App. 4th 358, 377 (2013) ("case law supports the general proposition that a public entity
19   and its employees may (in appropriate circumstances) be held liable for slander")).
20   The more fundamental problem with Arellano's defamation claim is that the alleged
21   defamatory statement, "I'm not taking that, it might contain a BOMB or poison" was not a
22   statement of fact, but clearly rhetorical hyperbole or not-actionable opinion. "Statements do not
23   imply a provably false factual assertion and thus cannot form the basis of a defamation action if

---

trial. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (citation omitted). Motions to strike "are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001).

[5] "Defamation requires a publication that is false, defamatory, unprivileged, and has a tendency to injure or cause special damage." *Hawran v. Hixson*, 209 Cal. App. 4th 256, 277 (2012).

they cannot " 'reasonably [be] interpreted as stating actual facts' about an individual." [*Milkovich v. Lorain Journal Co*. (1990) 497 U.S. 1, 20 (1990)]. Thus, 'rhetorical hyperbole,' 'vigorous epithet [s],' 'lusty and imaginative expression[s] of [ ] contempt,' and language used 'in a loose, figurative sense' have all been accorded constitutional protection." (quoting *Greenbelt Pub. Assn. v. Bresler*, 398 U.S. 6, 14 (1970); *Letter Carriers v. Austin*, 418 U.S. 264, 284, 286 (1974)). If the police officer truly believed Arellano's package contained a bomb or poison, it is implausible that he would have left the package inside the gate or allowed Arellano to retrieve it. The officer may have been incredibly insensitive to Arellano or intentionally rude and condescending, but that intent does not make the statement defamatory.

The second issue is that Arellano also does not plead facts showing the statement was "published."[6] Although Arellano alleges the officer had had his bodycam on, there are no allegations that the recordings were ever viewed (and thereby published) by anyone. Nor is there any plausible reason alleged why the officer's bodycam footage of the encounter with Arellano would have been or should have been viewed by anyone.

Finally, I note that comments made during citizen reports to police officers – as Arellano was admittedly attempting on November 9, 2024 – are generally absolutely immune under *Hagberg v. California Fed. Bank*, 32 Cal. 4th 350, 364 (2004) (recognizing that "when a citizen contacts law enforcement personnel to report suspected criminal activity and to instigate law enforcement personnel to respond, the communication also enjoys an unqualified privilege under [Cal. Civ. Code] section 47(b)" protecting statements made during an official proceedings).

Arellano's defamation claim, based on the only statement identified, fails as a matter of law. It is DISMISSED without leave to amend.

While the caption of Arellano's Complaint identifies a host of federal and state criminal and civil statutes, the focus of the Complaint, and the claim submitted to the City of Concord attached to the Complaint, is defamation. *See* Dkt. No. 15 at 2 ("This case comes because AN

---

[6] "Publication means communication to some third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made. Publication need not be to the 'public' at large; communication to a single individual is sufficient." *Smith v. Maldonado*, 72 Cal. App. 4th 637, 645 (1999), *as modified* (June 23, 1999).

1  UNKNOWN NAME OR BADGE NUMBER Office of the Concord Police department defamed

2  me . . . .).  There are no factual allegations alleged regarding any other conduct that could support

3  a cause of action against the City of Concord, the only defendant here.[7]

4  The Complaint is DISMISSED with prejudice and without leave to amend as Arellano will

5  not be able to state a claim for defamation as a matter of law based on the comments of the police

6  officer on November 9, 2024.

7  **IT IS SO ORDERED.**

8  Dated: July 23, 2025



William H. Orrick
United States District Judge

---

[7] Concord argues why Arellano has not or could not state a claim based on the federal or state statutes identified in the Caption.  Mot. at 8-10.  I do not reach those arguments here because the Complaint is based solely on the defamation claim.  There are no facts alleged that could support claims under any of the federal or state statutes cited in the caption.  Moreover, according to the claim form Arellano submitted to Concord, attached to his Complaint, the basis of *this* case is the defamation by the police officer, although Arellano also seeks damages for the murder of his son, aiding and abetting, accessory after the fact and deprivation of citizenship.  Dkt. No. 1 at ECF pg.5.  As noted above, Arellano's complaints related to how the murder of his son was investigated and prosecuted, as well as allegations regarding his poor treatment by police officers, prosecutors, the District Attorney, and various judges during that process were addressed and rejected in Arellano's prior case and affirmed on appeal.  They cannot be reasserted or form the basis of another case.  *In re Int'l Nutronics, Inc*., 28 F.3d 965, 969 (9th Cir. 1994) (the doctrine of *res judicata* "bars a party from bringing a claim if a court of competent jurisdiction has rendered a final judgment on the merits of the claim in a previous action involving the same parties or their privies").